# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### JUNE TERM, 1905.

---

HENRY W. DOREMUS et al., respondents,

*v.*

THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON, appellant.

[Argued March 13th and 14th, 1905.  Decided July 5th, 1905.]

The riparian owners of lands along the Passaic river, below the city of Paterson, but above tidewater, are entitled to an injunction restraining the city from polluting the stream by discharging its sewage therein, unless the city shall elect to make them compensation for the injury to their property resulting from such pollution.

---

On appeal from an order overruling demurrer to bill advised by Vice-Chancellor Stevens, whose opinion is reported *ante p. 188.*

*Mr. George S. Hilton,* for the appellant.

*Mr. Sherrerd Depue* and *Mr. Richard V. Lindabury,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainants are riparian owners along the Passaic river, below the city of Paterson, but above tidewater. By their bill they pray for an injunction restraining the city from further polluting the river by discharging its sewage into the stream, thereby seriously impairing the value of their lands, "unless and until the city shall make such compensation to them for the diminution in value of their lands as shall be ascertained by the court to be just."

The principal grounds upon which the demurrer rests are— *first,* that by reason of the provisions of an act of the legislature, popularly known as the "Passaic Valley Sewerage bill," approved April 22d, 1903 (*P. L. p.* 777), the use made by the city of Paterson of the Passaic river as a receptacle for its drainage must necessarily be only a temporary one, and that consequently, "to grant what the bill asked for would be inequitable, unjust and contrary to law;" *second,* that "the assessment or ascertainment of the damages sustained by the several complainants by the pollution of the river, and the compelling of the defendant to make compensation therefor, would constitute the taking of the property of the defendant without due process of law," and *third,* that the court of chancery is without jurisdiction to compel the defendant to condemn the property rights of the complainants, which, as the bill alleges, it has taken from them.

The determination of this appeal does not require a consideration of the first cause of demurrer, for, since the hearing in the court of chancery, this court, in a proceeding brought by the city of Paterson and one Van Cleve, a resident of that municipality, to test the validity of the act of April 22d, 1903, has

declared that statute to be unconstitutional and void. *Van Cleve* v. *Passaic Valley Sewerage Commissioners, 71 N. J. Law (42 Vr.) 574.*

The other two grounds of demurrer appear, from the argument of counsel for the defendant, to be based upon a misapprehension of the scope of the bill, and also of the opinion of this court in *Simmons* v. *Paterson, 60 N. J. Eq. (15 Dick.) 385,* a case involving the right of the city to deposit its sewage in the river without the consent and against the protest of lower riparian owners. In that case the bill filed was an injunction bill, pure and simple, in which the only relief sought was the restraining of the city from polluting the river with its sewage. Justice Van Syckel, delivering the opinion of the court, held that riparian owners whose lands lay above tidewater had title *ad medium filum aquæ,* and had a property right in the water flowing along and over their land which could not be impaired except by the lawful use of the waters by riparian owners higher up stream; that although lower owners must submit to such pollution by the owners above as results from surface drainage, or from the percolation of offensive matter through the soil, the owners above cannot lawfully combine and, by construction of artificial conduits, collect foul matter and pour it in mass into the stream, and that such action on the part of a municipality located up the stream constitutes the taking of private property for public use, which can only be done, even when sanctioned by legislative authority, upon making just compensation to the lower owner. He further held that although ordinarily, where the riparian owner is injured by the excessive pollution of the stream, he is entitled to the exercise of the injunction power of a court of equity, yet, by reason of the fact that the sewerage system of the city was put in operation under legislative authority, at enormous expense and without objection by lower riparian owners, and because, by the restraint prayed for, the value of this sewerage system would be in a large measure destroyed and the homes of a multitude of people rendered unfit for occupancy, it would be inequitable to direct an injunction to issue *if relief could otherwise be afforded.* He then pointed out that the payment by the city to the riparian owners of compensation

for the injury inflicted would be a just disposition of the controversy, and that power resided in a court of equity to settle unliquidated damages in order to effectuate justice, and finally declared that if the complainants should amend their bill asking for an injunction, unless the city would consent to make such compensation as should be ascertained to be just, equitable relief could be given.

It seems difficult to misapprehend the purport of Justice Van Syckel's opinion. The gist of it is that the complainants are entitled to relief; that ordinarily they would be entitled to the injunction prayed for, but that, by reason of the unusual conditions recited in his opinion, it would be inequitable to allow the writ if the controversy could be otherwise justly disposed of; that if the city would make compensation to the complainants for the injury inflicted upon their property this would be an equitable disposition of the matter, and that an opportunity to do this ought to be afforded to the city before the court should finally decide whether or not an injunction should issue.

The bill in the present case is framed upon the lines of the opinion in the earlier suit. By it the complainants do not seek to compel the city to make compensation *in invitum;* they ask an injunction to restrain the further pollution of the river, but tender the city the opportunity of avoiding the issuance of the writ by making compensation to them for the injury which will accrue to their property by the continued discharge of its sewage into the stream.

The order overruling the demurrer should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN—11.

*For reversal*—None.